UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>) CRIMINAL NO. 05-104-P-H<br>RAYMOND LEMIEUX, )<br>DELLA LEMIEUX AND )<br>JOSE BRUNO-ROMAN A/K/A )<br>JOSE MOYA )<br>)<br>DEFENDANTS ) | |

## ORDER ON MOTIONS TO SEVER TRIAL

Count I of the Indictment in this case charges a criminal conspiracy against three defendants.[1] Two defendants, Raymond Lemieux and Jose Bruno-Roman, have moved for severance. After oral argument, I **GRANT IN PART** and **DENY IN PART** the motions.

To the extent the motions are based on the following grounds they are **DENIED**.

1. Both defendants argue that I should sever because their defenses are antagonistic,[2] since each will accuse the other. Under Supreme Court precedent, such an argument is an insufficient ground for severance. "[W]hen defendants

---

[1] It is actually part of a larger conspiracy, but the government responsibly has broken the cases into two.

[2] Bruno-Roman made the argument in writing; Lemieux made it orally.

properly have been joined under Rule 8(b)" (there is no challenge to joinder here), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  Zafiro v. United States, 506 U.S. 534, 539 (1993).  Zafiro specifically rejected the mutually antagonistic defense argument as a ground for severance, observing both that "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials", id. at 540, and that instructions to the jury to consider each defendant separately are the proper response, id. at 541.  See also United States v. Smith, 46 F.3d 1223, 1230 (1st Cir. 1995) (denigrating the antagonistic defense argument when it is "mere tattling or 'finger-pointing' between defendants").  In United States v. Yefsky, 994 F.2d 885, 897 (1st Cir. 1993), the First Circuit clarified that "the tension between defenses must be so great that a jury would have to believe one defendant at the expense of the other."  Accord United States v. Angiulo, 897 F.2d 1169, 1194-95 (1st Cir. 1990).  On the information presented, I am not satisfied that such will occur here at trial.  Obviously if it does occur, I will have to re-examine the decision at that time.

    2. So far as the defendants' Bruton arguments are concerned, I am satisfied that the out-of-court statement(s) of each co-defendant can be properly redacted so as to comply with both Bruton v. United States, 391 U.S. 123 (1968),

and Gray v. Maryland, 523 U.S. 185, 188, 192 (1998) (deletions and asterisks are insufficient to comply with Bruton's protective rule).  The government's proposed redactions remove directly incriminating statements.  The statements as redacted will have an incriminating effect only when linked with other trial evidence and thus will satisfy Richardson v. Marsh, 481 U.S. 200, 211 (1987) (statements that incriminate inferentially are outside the scope of Bruton).

  3. As to any suggested reference to a defendant's failure to testify, I will be guided by United States v. Figueroa-Encarnacion, 343 F.3d 23, 33-34 (1st Cir. 2003).  Counsel are hereby instructed to approach the bench before making any statement that might be interpreted as a comment on a co-defendant's failure to testify.

  4. In contrast, I am very concerned about the hearsay issues.  Crawford applies to "statements made as part of a confession resulting from custodial interrogation."  United States v. Hansen, 434 F.3d 92, 100 (1st Cir. 2006) (citing Crawford v. Washington, 541 U.S. 36, 51-52 (2004).  Crawford prohibits the admission of such out-of-court statements (testimonial in nature) unless the defendant had a prior opportunity to cross-examine the unavailable declarant. 541 U.S. at 53-56.  That condition is not satisfied here.  Thus, as the government agreed at oral argument, those statements are inadmissible hearsay except

against the defendant who made them,[3] and the jury must be instructed to disregard them as to the other two defendants. But the statements provide important information about the nature and scope of the conspiracy. I conclude that it is unreasonable to expect the jury to be able to follow an instruction to disregard them as to a particular defendant; they will inevitably inform the jury's view of the conspiracy as to all defendants.

Thus, I conclude that on account of <u>Crawford</u> concerns, the proper solution is to sever one defendant, and to try the other two defendants jointly but before two separate juries. The courtroom will accommodate two independent juries, and we have successfully conducted such a trial previously, whereby the jury who should not hear particular testimony is simply removed from the courtroom for that testimony, and closing statements (and openings if necessary) are made separately. I will allow the government until May 5, 2006, to respond as to which defendant it wishes to sever (the government after all makes the initial joinder decision).

**SO ORDERED.**

**DATED THIS 25TH DAY OF APRIL, 2006**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[3] They are not admissible as co-conspirator statements because the person making them was already in custody and no longer part of any conspiracy.